UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER N. THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:13-cv-1566-WTL-DML ) |
| DR. JONES, et al., | ) ) |
| Defendants. | ) |

**Entry Discussing Defendants Campbell and Burdine's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies**

**I. Background**

Plaintiff Roger N. Thompson ("Mr. Thompson") is a former prisoner. In his original complaint, filed on September 30, 2013, Mr. Thompson alleges that psychiatrist Dr. Jones, from January through September 2013, failed to provide him with certain treatment necessary to treat his anxiety condition. In his amended complaint, filed on February 11, 2014, Mr. Thompson alleges that defendants Dr. Walter Campbell and Dr. Burdine, in November and December of 2013, also failed to provide him with a particular medication for his anxiety condition.

Defendants Dr. Campbell and Dr. Burdine have filed a motion for summary judgment seeking resolution of the claims against them based on the affirmative defense that Mr. Thompson failed to exhaust his available administrative remedies prior to filing the amended complaint. Mr. Thompson has opposed the motion for summary judgment.

For the reasons explained in this Entry, defendants Campbell and Burdine's motion for summary judgment [dkt. 50] must be **granted.**

## II. Discussion

*A.     Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

      B.    *Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Thompson as the non-movant, are undisputed for purposes of the motion for summary judgment:

At all relevant times, Mr. Thompson was incarcerated at Plainfield Correctional Facility ("Plainfield"). Mr. Thompson alleges that defendants Dr. Campbell and Dr. Burdine violated his constitutional rights by acting with deliberate indifference to Mr. Thompson's serious medical need. Specifically, he claims that all the defendants failed to appropriately treat his serious anxiety disorder.

The administrative remedy available to prisoners regarding the conditions of their confinement is the grievance process. The grievance process begins with the offender contacting staff to discuss the matter and seek informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I) to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten (10) working days from the date of receipt of the grievance response. If the offender receives

no grievance response within twenty-five (25) working days of the day he submitted the grievance, he may appeal as though the grievance had been denied.

Exhaustion of the grievance procedure requires pursuing a grievance to the final step. Exhaustion of the grievance procedure also requires complying with the timing requirements for submitting formal grievances and appeals.

During the time he was incarcerated at Plainfield, Mr. Thompson filed grievances dated April 3, 2013; August 22, 2013, and April 14, 2014. None of these grievances named or described defendants Campbell or Burdine or discussed any alleged misconduct on their part.

### C. *Analysis*

Mr. Thompson does not dispute that he did not file any grievances against Dr. Campbell and Dr. Burdine. Rather, he argues that he was not required to exhaust his claims against these defendants because he had already exhausted his claim against the original defendant in this action, Dr. Jones. He contends that if he were required to complete all three steps of the grievance process against defendants Dr. Campbell and Dr. Burdine, then there would be an unnecessary delay in this case. Mr. Thompson cites to no legal authority for this contention. Indeed, there is no such authority. Even in cases where an inmate believes exhaustion would be futile, he is required to complete the process. *See Thornton v. Snyder,* 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement."). In addition, the alleged incidents of failure to properly treat him occurred at different times and involved different personnel and circumstances, each requiring the completion of the grievance process.

It is undisputed that Mr. Thompson failed to complete the exhaustion process against Dr. Campbell and Dr. Burdine before filing his amended complaint. Therefore, in light of 42 U.S.C.

§ 1997e(a), the claims against them should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by defendants Dr. Campbell and Dr. Burdine [dkt. 50] is **granted.** The motion for summary judgment filed by Dr. Jones remains pending. No partial final judgment shall issue at this time as to the claims dismissed in this Entry.

**IT IS SO ORDERED.**

Date: 1/06/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROGER N. THOMPSON
1804 North Lincoln Street
Greensburg, IN  47240

Electronically registered counsel