UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER N. THOMPSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-1566-WTL-DML |
| DR. JONES, et al., | ) |
| Defendants. | ) |

**Entry Granting Defendant Dr. Jones' Motion for Summary Judgment
and Directing Entry of Final Judgment**

**I. Background**

Plaintiff Roger N. Thompson ("Mr. Thompson") is a former prisoner. Mr. Thompson alleges that while he was incarcerated, psychiatrist Dr. Jones acted with deliberate indifference to his serious medical needs from January through September 2013 by failing to provide Mr. Thompson with medical care necessary to treat his anxiety condition.

Dr. Jones has filed a motion for summary judgment seeking resolution of the claim against him. Mr. Thompson has opposed the motion for summary judgment and Dr. Jones has replied.

For the reasons explained in this Entry, defendant Dr. Jones' motion for summary judgment [dkt. 63] must be **granted.**

## II. Discussion

*A.  Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

*B.  Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Thompson as the non-movant, are undisputed for purposes of the motion for summary judgment:

At all relevant times, Mr. Thompson was incarcerated at Plainfield Correctional Facility ("Plainfield"). Defendant Dr. Jones is a psychiatrist who treats inmates of the Indiana Department of Correction for mental health issues. While incarcerated, Mr. Thompson was evaluated on a regular basis by mental health providers. He was diagnosed with mixed Axis II traits (i.e., personality disorders such as antisocial personality disorder and borderline personality disorder). He has a history of substance abuse.

Dr. Jones first saw Mr. Thompson on January 4, 2013, for a Medication Management visit. Mr. Thompson related a history of being burned at an early age and stated that, as a

consequence, he sustained a brain injury which resulted in anxiety that can only be treated with benzodiazepines. Dr. Jones declined to prescribe the benzodiazepines Mr. Thompson requested because, in his professional opinion, they were not clinically indicated. Benzodiazepines can be highly addicting with a potential for abuse in a prison setting. As an alternative, Dr. Jones suggested Remeron (mirtazapine) which is commonly prescribed for treatment of a variety of mood disorders including anxiety disorders. Mr. Thompson refused a prescription for Remeron to treat his reported symptoms of anxiety. Dr. Jones noted that Mr. Thompson exhibited drug seeking behavior along with Axis II traits.

On May 10, 2013, Dr. Jones saw Mr. Thompson for a Medication Management visit. Dr. Jones noted that Mr. Thompson presented as hostile, argumentative and belligerent. Mr. Thompson became angry when Dr. Jones informed him that he would not prescribe the Clonazepam that he requested. Dr. Jones told Mr. Thompson that he would prescribe non-addicting medications with anxiolytic (anxiety-reducing) properties. Although Mr. Thompson exhibited signs of anger, Dr. Jones observed no signs of anxiety during the examination.

On September 5, 2013, Dr. Jones saw Mr. Thompson for a Medication Management visit. Once again, Mr. Thompson presented as hostile, belligerent and argumentative. Dr. Jones offered Mr. Thompson numerous safe and appropriate alternatives to the benzodiazepines Mr. Thompson requested, including Zoloft, Celexa, Prozac, Remeron, Imipramine and Effexor. Once again, Mr. Thompson refused all suggested treatment and stormed out of the office. Again, Dr. Jones noted that he observed no clinical evidence of anxiety.

It is Dr. Jones' opinion that Mr. Thompson's reported anxiety did not impair his ability to function. He exhibited what Dr. Jones considered to be drug seeking behavior and repeatedly refused alternative treatments to benzodiazepines.

In Dr. Jones' opinion, the treatment Mr. Thompson received for his medical conditions while he was incarcerated was appropriate. Mr. Thompson's health, including his mental condition, was continually evaluated and monitored while he was at Plainfield. It is also Dr. Jones' opinion that the medical care provided to Mr. Thompson by himself and other medical providers met or exceeded the standard of care of like professionals under similar circumstances.

*C. Analysis*

Mr. Thompson alleges that defendant Dr. Jones violated his constitutional rights by acting with deliberate indifference to Mr. Thompson's serious medical needs. Specifically, he alleges that he has a serious anxiety disorder and that before he was incarcerated, he was prescribed a medication called benzodiazepine, which he contends was the only type of medication that was effective in his treatment.

At all times relevant to Mr. Thompson's claims, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish a medical claim that a prison official has violated the Eighth Amendment, a plaintiff must demonstrate two elements: (1) an objectively serious medical condition, and (2) deliberate indifference by the prison official to that condition. *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013).

As to the first element, "[a]n objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer,* 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotation omitted). An objectively serious medical condition "need not be life-threatening; it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal quotation omitted). Dr. Jones argues that Mr. Thompson did not have an objectively serious medical condition. He contends that Mr. Thompson showed no clinical signs of anxiety nor did Mr. Thompson produce any evidence showing that his anxiety impaired his ability to function. Dr. Jones was, however, willing to prescribe medication for Mr. Thompson's condition. Mr. Thompson argues that his anxiety condition was longstanding and required treatment. For purposes of this motion, the Court finds that there is a genuine issue of material fact as to whether Mr. Thompson had a serious medical need. Therefore, the Court shall consider the second element of Mr. Thompson's claim.

"To show deliberate indifference, [Mr. Thompson] must demonstrate that the defendant was actually aware of a serious medical need but then was deliberately indifferent to it." *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). "A medical professional's deliberate indifference may be inferred when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *King,* 680 F.3d at 1018-1019 (internal quotation omitted). "Deliberate indifference requires more than negligence, rather the defendant must meet essentially a criminal recklessness standard, that is, ignoring a known risk." *Armato v. Grounds,* 766 F.3d 713, 721 (7th Cir. 2014) (internal quotation omitted). "Even gross negligence

is insufficient to impose constitutional liability…." *McGee v. Adams,* 721 F.3d 474, 481 (7th Cir. 2013).

Mr. Thompson argues that Dr. Jones knew that the treatment he offered was not adequate or effective but refused to change it. He has presented no evidence to support this theory. There is no evidence that Mr. Thompson required benzodiazepines as treatment for his anxiety disorder. Mr. Thompson alleges that he had tried Remeron in 2002 and that it only made his anxiety worse and was very sedating. Mr. Thompson has not identified any evidence that supports this contention. In his declaration, he states that he "has provided medical evidence and medical records that are based on my personal knowledge." (dkt. 69, citing to Ex J). Mr. Thompson's Exhibit J contains no medical records from 2002, nor any records reflecting when and for how long and under what circumstances he took Remeron and the consequences thereof. Mr. Thompson also asserts that before he was incarcerated a Dr. David Thomas "mandated this type of medication for life." No evidence supports this contention. Moreover, Mr. Thompson's allegation that since he has been released from prison he has received a benzodiazepine called Lorazepam and is "doing much better" does not demonstrate that Dr. Jones acted with deliberate indifference.

In a similar lawsuit filed against another psychiatrist in 2012, Mr. Thompson alleged that the defendant was deliberately indifferent to his anxiety when the psychiatrist refused to prescribe the benzodiazepine Valium. *Thompson v. Conant,* 1:12-cv-1177-SEB-TAB (S.D. Ind. Aug. 27, 2013), *aff'd*, *Thompson v. Conant,* 2013 WL 4543042, 559 Fed.Appx. 557 (7th Cir. Mar. 27, 2014). The Seventh Circuit affirmed the district court's determination that, as in the present case, Mr. "Thompson presented no evidence suggesting that this decision to deny [the benzodiazepine] was based on anything other than the sound exercise of medical judgment." *Id.*

It was Dr. Jones' professional opinion that the type of medication requested for Mr. Thompson's anxiety was not clinically indicated. Dr. Jones asserts that benzodiazepines can be highly addictive and have a potential for abuse in a prison setting. At his first appointment with Mr. Thompson, Dr. Jones prescribed Remeron, but Mr. Thompson refused to take it. At the third appointment, Dr. Jones offered a number of safe and appropriate alternative medications, including Zoloft, Celexa, Prozac, Imipramine, and Effexor. Mr. Thompson refused to try any of the alternative medications.

There is no evidence of record showing that Dr. Jones' prescribed treatment was a "substantial departure from accepted professional judgment," *King,* 680 F.3d at 1018-1019, or that prescribing a benzodiazepine was necessary for Mr. Thompson's anxiety. It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive a particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Mr. Thompson's disagreement with Dr. Jones' decision not to prescribe a benzodiazepine is not sufficient to demonstrate that the physician acted with deliberate indifference. *See Ciarpaglini v. Saini,* 352 F.3d 328, 331 (7th Cir. 2003) (mere disagreement with medical professionals about one's needs does not state a claim for deliberate indifference).

A court examines the totality of an inmate's medical care when determining whether a defendant has been deliberately indifferent to an inmate's sserious medical needs. *Walker v. Peters,* 233 F.3d 494, 501 (7th Cir. 2000). An inmate is "entitled to reasonable measures to meet a substantial risk of serious harm." *Id.* This is what Mr. Thompson received.

Mr. Thompson has not shown negligence or gross negligence on the part of Dr. Jones, but even if he had, that would not be sufficient to survive summary judgment as to his claim of deliberate indifference. *See Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008) ("negligence or even

gross negligence is not enough; the conduct must be reckless in the criminal sense"). Dr. Jones saw Mr. Thompson as a patient three times during a nine month period of time in 2013. Although Dr. Jones did not observe any clinical evidence of anxiety, he offered Mr. Thompson numerous non-addictive but suitable medications. Mr. Thompson refused to try them. Dr. Jones relied on his medical judgment to determine appropriate treatment for Mr. Thompson. Mr. Thompson has presented no evidence that Dr. Jones' decisions or actions fell below the applicable standards of care. In sum, Dr. Jones is entitled to summary judgment in his favor.

### III. Conclusion

Mr. Thompson has not identified a genuine issue of material fact as to his claim that Dr. Jones was deliberately indifferent to his serious medical needs. Therefore, Dr. Jones' motion for summary judgment [dkt. 63] is **granted.** Summary judgment was entered in favor of defendants Dr. Campbell and Dr. Burdine in the Entry of January 6, 2015. Judgment consistent with this Entry and with the Entry of January 6, 2015, shall now issue.

**IT IS SO ORDERED.**

Date: 1/26/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Roger Thompson
1804 North Lincoln Street
Greensburg, IN 47240